UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STEEL WORKERS AFL-CIO** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-5309** |
| **MURPHY OIL USA, INC.** | **SECTION "C" (3)** |

### ORDER AND REASONS

Before the Court is the motion of plaintiff United Steel Workers AFL-CIO ("Union") to remand to the arbitrator, for clarification of a back pay dispute, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"). Rec. Doc. 26. The defendant, Murphy Oil USA, Inc., ("Murphy"), opposes the motion. The Court has reviewed the memoranda, record, and the law and finds that the motion to be remand should be GRANTED.

### Background and Procedural History

This matter arises out of a disagreement over the implementation of an arbitrator's award resolving a labor dispute. The plaintiff and defendant are parties to a collective bargaining agreement under which resolution of all disputes and grievances is conducted through a grievance/arbitration procedure. The parties arbitrated a grievance filed over Murphy employee and Union member Earl Dauterive's discharge before arbitrator Patrick Halter, chosen by both parties. On August 29, 2006, the arbitrator issued an award, directing Murphy to reinstate

Dauterive "with backpay (minus earned income)...." Rec. Doc. 26-3, at 11. The plaintiff brought the instant action to enforce the arbitrator's award in this Court on August 31, 2007, just over a year after the arbitration award was issued.

The plaintiff amended its complaint to allege in more detail the interactions between the plaintiff and Murphy in the time since the arbitration award was entered on August 29, 2006. He alleges that Murphy has partially complied with the award by reinstating Mr. Dauterive on October 16, 2006 but that Murphy has refused to pay his backpay for the period of his separation from service. The complaint alleges a series of interactions between Dauterive, the Union, and Murphy between October 16, 2006 and the filing of the complaint in which Dauterive provided information to Murphy in order to determine an offset to the awarded backpay, including pay data, his accountant's calculation of his backpay, and his income tax return. Murphy contested his accountant's calculation, but on March 22, 2007 tendered payment of $10,505.54, representing Katrina-related wages that Dauterive would have received for the months of September and October 2005. After attempts to settle the dispute over the calculation of the arbitrator's award proved unsuccessful, the Union and Dauterive sought to resubmit the matter to the arbitrator for determination of a make whole remedy. Murphy responded on August 22, 2007 that under no circumstances would it agree to submit anything on paper to the arbitrator, who Murphy argued did not retain jurisdiction. The attorneys for the parties agreed that the Union would file a lawsuit in federal court, and the Union filed the instant action, seeking remand to the arbitrator to resolve the continuing dispute regarding Dauterive's backpay.

In its motion, the Union argues that the arbitrator's award of backpay minus earned

income is ambiguous, and as such must be remanded to the arbitrator for clarification so that it can be enforced by the Court.  The Union argues that the parties have not been able to agree on the correct way to calculate the backpay, and that Murphy unjustly contends that Dauterive's backpay should be offset for a period of approximately twelve months due to an alleged failure to mitigate.  The Union points to the series of attempts by Dauterive to furnish all of the information requested by Murphy in order to resolve the backpay dispute, and contends that the award is vague and ambiguous on the proper manner for calculation.

  Murphy argues that the portion of the award at issue here is unambiguous on its face, and that the only impediment to resolution of this matter is insufficient candor by Dauterive, which has prevented Murphy from fully satisfying the award.  Rather than any ambiguity in the award itself, the allegations merely expose disagreement over the value of what the arbitrator awarded.  Murphy contends that Dauterive has failed to provide credible evidence establishing the income he earned after his discharge and prior to reinstatement, and has refused to account for how and to what extent he fulfilled a duty to mitigate damages, which it argues is inherent in every arbitral award.  As an example, the income tax return that Dauterive submitted was an unsigned draft with no attending evidence it was actually the return he filed.  In addition, Murphy argues that the calculation of the backpay owed to Dauterive by Dauterive's account is unreliable as it is not for his personal accountant to determine the backpay owed.  In summary, Murphy states that it is unsatisfied with the reliability of the information that Dauterive has provided or made available on his interim earned income and mitigation efforts.

  Murphy characterizes the dispute as evidentiary in nature, rather than interpretive.

Murphy argues that the award itself is not ambiguous, and that in order to remand to the arbitrator under the applicable law, the Court must find ambiguity in the award.  Instead, it argues, the instant dispute is collateral to the underlying award, and nor does it arise independently out of the collective bargaining agreement or its interpretation.  As such, the arbitrator has no jurisdiction to determine the instant dispute.  Murphy argues that this Court is better equipped to consider the relevant evidence, determine its reliability, and protect both parties' interests in determining the value of the back pay owed.

### **Applicable Law and Analysis**

In accord with the federal labor law policy favoring arbitration and discouraging the judicialization of arbitrable matters, *see Oil, Chemical and Atomic Workers, Intern. Union, Local No. 4-228 v. Union Oil Co. of California*, 818 F.2d 437, 443 (5th Cir. 1987), the scope of review by a federal court of a labor arbitration award pursuant to a collective bargaining agreement is extremely limited.  *Brown v. Witco Corp.*, 340 F.3d 209, 216 (5th Cir. 2003).  "Unless the arbitral decision does not 'dra[w] its essence from the collective bargaining agreement,' a court is bound to enforce the award and is not entitled to review the merits of the contract dispute."  *W.R. Grace and Co. v. Local Union 759, Intern. Union*, 461 U.S. 757, 766 (1983) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).  This is the case even if a party alleges that the arbitrator's decision rests on errors of fact and law.  *Brown*, 340 F.3d at 216.

Furthermore, a court must enforce an arbitration award only as written by the arbitrator, and thus if the award in question is ambiguous in its scope and application, it is unenforceable.

*Id.* "A court may not interpret the award in order to resolve the ambiguity and implement the award; instead, the court must remand the award to the arbitrator with instructions to clarify the award's particular ambiguities." *Id.*; *see also San Antonio News. Guild Loc. 25 v. San Antonio Light Div.*, 481 F.2d 821, 824 (5th Cir. 1983) (finding an arbitrator's award ambiguous at least insofar as it related to financial matters, and thus unenforceable unless and until clarified). Where parties to a collective bargaining agreement have elected to submit their disputes to arbitration, they should be completely resolved by the arbitrator, rather than only partially resolved. *San Antonio*, 481 F.2d at 825.

Murphy argues that the arbitrator's award of "backpay (minus earned income)" is unambiguous, and that the Union has never until now contended that the award is ambiguous. Murphy further suggests that the Court's power to remand to the arbitrator is subject to a finding of ambiguity in the award.[1] The Court need not ultimately determine whether this contention[2] is accurate because Murphy appears to have an overly narrow conception of what may constitute "ambiguity." The ambiguity need not be overt such that it is readily apparent when the award is

---

[1] Although a court should not review the merits of an arbitrator's decision, and issues of interpretation of an award are for the arbitrator, the issue of whether the arbitration award is ambiguous, and the determination of what must be clarified on remand by the arbitrator are for the Court to decide. *See Brown*, 340 F.3d at 220 n.12.

[2] The relevant case law suggests that the Court's power to remand in labor arbitration cases may not be limited to situations where it finds the existence of ambiguity. In discussing the doctrine of *functus officio* ("a task performed"), and recognizing its tension and limited applicability in labor arbitration cases in the wake of the Supreme Court's pro-arbitration cases in the labor context, the *Brown* court outlined the well-recognized exceptions to the *functus officio* rule: "An arbitrator can (1) correct a mistake which is apparent on the face of his award; (2) decide an issue which has been submitted but which has not been completely adjudicated by the original award; or (3) clarify or construe an arbitration award that seems complete but proves to be ambiguous in its scope and implementation." *Brown*, 340 F.3d at 219. Because the arbitrator issued an award of backpay minus earned income, but did not "complete" the award by specifying an ultimate dollar amount, one could arguably justify remand under either the second or third prongs.

issued.  Rather, the case law makes clear that ambiguity that exists in an award can become apparent as implementation is attempted and disputes arise, and ambiguity can be limited to a part or aspect of an award.  This is clear in the *Brown* court's direction that remand is appropriate for an arbitrator to "clarify or construe an arbitration award that *seems complete* but *proves to be* ambiguous in its scope and *implementation*."  340 F.3d at 219 (emphasis added); *see also Oil, Chemical and Atomic Workers, Intern. Union, Local 4 367 v. Rohm & Haas, Texas Inc.*, 677 F.2d 492, 495 (5th Cir. 1982) (noting the propriety of remand to the arbitrator when the language of an award has *generated* a collateral dispute) (emphasis added); *San Antonio*, 481 F.2d at 821 (finding ambiguity at least in part, as related to financial matters of the award); *and National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Div. of the Laborers Intern. Union of North America, AFL-CIO, Local 311 v. U.S. Postal Service*, 741 F.Supp. 1267 (N.D. Tex. 1990) ("Where questions arise as to how an award should be implemented due to ambiguity in the award or intervening circumstances, judicial enforcement of the award is inappropriate and the matter should be remanded to the arbitrator for guidance") (citation omitted).

     In *National Post Office Mail Handlers*, a case substantially similar to the one at bar, an employee had refused to provide information to the employer so that his interim earnings and compensation could be calculated, and thereafter refused the employer's offers to return to arbitration to resolve the matter of how an award should be implemented.  741 F.Supp. at 1268-69.  The court remanded the matter to the arbitrator finding that the "resolution of the dispute regarding how the arbitrator's award should be implemented lies within the unique competence

of the arbitrator." *Id.* at 1269.  Some ambiguity is likely inherent in any award of backpay that does not expressly name an ultimate dollar figure, and here there is real ambiguity in the method of calculation required.[3]

As noted above, such concerns, over how to calculate and implement an award, and consequently, evidentiary issues that arise related to those concerns, might exist with any arbitral award in which the arbitrator has not specified an ultimate dollar figure in his or her award. Despite this, and against a clear backdrop of disfavor of judicialization of arbitrable matters, Murphy cites no support for the suggestion that an arbitrator can or should not appropriately determine attendant evidentiary issues that arise in the determination of a dispute under the collective bargaining agreement.  Indeed, there is authority for the proposition that this Court should itself steer clear of determining such evidentiary issues.  *See Association of Flight Attendants, AFL-CIO v. USAir Inc.*, 960 F.2d 345, 345-46 (3rd Cir. 1992) (agreeing that questions of admissibility are procedural, to be decided by arbitrator, not the courts, and reversing portion of district court's order directing that certain evidence be admitted at a grievance arbitration of former employee).  "Intuitively, if the arbitrators are to receive evidence

---

[3] In addition to arguing that the award is not ambiguous (an argument the Court rejects), Murphy also argues that the determination of the evidentiary disputes at issue do not independently arise out of the collective bargaining agreement, and that therefore the arbitrator has no jurisdiction over such disputes.  However, if the award itself was issued on a question arising out of the collective bargaining agreement, and there is no dispute that it was, then clarification or more definite statement of the award (that is, a specific dollar figure) also would have. That is, if the collective bargaining agreement supports a determination of the award, "backpay (minus earned income)", or "$x$ (minus $y$)", then surely it would have extended to the determination of what $x$ and $y$ equaled in the first instance.  To remand now for such an express determination would only result in the arbitrator clarifying his original award, or rendering what would be substantially the same award, only with more specificity.  While it is not appropriate to remand where it would force a decision on an issue not previously submitted to the arbitrator, *see Rohm & Haas*, 677 F.2d at 495, this case does not present such a situation.

it must be up to them to decide issues of relevance, or as here, admissibility of evidence." *Id.* at 350.

It appears that arbitrators regularly determine evidentiary issues, as this Court would imagine they must in order to effectively resolve often complex labor disputes:

> As the chosen judge to determine [a labor dispute presented by the parties to him], the arbitrator also has the responsibility to control the conduct of the proceedings and the authority to control the conduct of the proceedings and the admission of evidence. He must make all decisions that are necessarily inherent in resolving the issue that the parties have placed before him. Having submitted the dispute to arbitration, Kraft and the Union must abide by the arbitrator's rulings on procedural and evidentiary matters. We believe that the determination of what evidence is relevant to the [dispute] is a procedural question which can only be left to the discretion of the arbitrator.

*International Union, United Auto., Aerospace and Agr. Implement Workers of America (UAW) v. Kraft Foods, Division of Kraftco, Inc.*, 409 F.Supp. 559, 562 (D.C. Pa. 1976). *See also Brown*, 340 F.3d at 221 (approving of magistrate judge's remand order making it clear that arbitrator could receive whatever evidence was appropriate and necessary to make clarification); *and Swift Independent Packing Co. v. District Union Local One, United Food and Commercial Workers Int., AFL-CIO, C.L.C.*, 575 F.Supp. 912, 918-19 (D.C.N.Y. 1983) (discussing arbitrator's resolution of evidentiary dispute).

Murphy states that it is dissatisfied with the reliability of the information that Dauterive has provided and/or made available on the issue of his interim earned income and his mitigation efforts. If any "evidentiary dispute," grounded primarily in the dissatisfaction of one of the parties, necessarily resulted in resort to litigation and resolution of such disputes by a court, there

would exist too large an exception to the policy disfavoring judicialization.  Mindful of being vigilant not to "slip off into that habit, easy for Judges, of deciding the merits" of arbitrable matters, the Court finds that remand to the arbitrator for clarification of his award is most appropriate in this case.  *Safeway Stores v. American Bakery and Confectionery*, 390 F.2d 79, 81 (5th Cir. 1968).

Finally, Murphy submits that if this Court determines that remand is appropriate, it should remand with specific (and specified)  instructions as to the quality and character of the evidence that the plaintiff must provide to the arbitrator.   In light of the cases cited above, the Court finds that the issues concerning the quality, character, sufficiency, and relevancy of evidence and other evidentiary questions should be left to the discretion of the arbitrator.

As a final note, on remand, the arbitrator is limited in his review to the specific matters remanded for his clarification and may not rehear or redetermine matters outside the scope of this order.  *Brown*, 340 F.3d at 221.

### **Conclusion**

Thus having considered the motion, memoranda, the record, and applicable law, the Court has determined that the motion to remand to the arbitrator for clarification of his award should be GRANTED.

Accordingly,

IT IS ORDERED that this matter be hereby remanded to the arbitrator for clarification of his award of "backpay (minus earned income)," consistent with the award and this opinion, specifically the issues of mitigation and calculation of backpay and earned income, in light of the

dispute over those issues between the parties post-arbitration.   The arbitrator may hear whatever evidence is appropriate and necessary to make this clarification.

    IT IS FURTHER ORDERED that this matter is hereby stayed pending the remand to the arbitrator.

    IT IS FURTHER ORDERED that the Clerk of Court mark this action closed for statistical purposes.

    IT IS FURTHER ORDERED that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of either party, consistent with the orders of this Court and applicable law, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

.    New Orleans, Louisiana, this 9th day of June, 2008.

                            HELEN G. BERRIGAN
                            UNITED STATES DISTRICT JUDGE